397 So.2d 952 (1981)
George HUTCHINSON and Sylvia Hutchinson, His Wife, Appellants,
v.
CAPELETTI BROTHERS, INC., a Florida Corporation, Appellee.
No. 80-632.
District Court of Appeal of Florida, Fourth District.
April 8, 1981.
Rehearing Denied May 27, 1981.
*953 Fred J. Ward of Fred J. Ward, P.A., Hallandale, for appellants.
Clark J. Cochran, Jr., of Hainline & Billing, P.A., Fort Lauderdale, for appellee.
HERSEY, Judge.
This is an appeal from a final judgment which determined that the doctrine of strict liability for the hazardous use of land is not recognized in the state of Florida. We reverse.
Appellee, in the process of constructing a bridge for the Florida Department of Transportation, engaged in pile-driving activity which damaged the residence of appellants. Appellee construction company was not negligent in its operation nor is there any suggestion of wanton and willful misconduct. Therefore, liability, if it is to be imposed, must rest on some other rationale.
The logic and fundamental fairness of the imposition of liability here is illustrated by language from a Connecticut case involving this issue:
The defendant actor, even when he uses due care, takes a calculated risk which he, and not the innocent injured party, should bear. He "is not regarded as engaging in blameworthy conduct. He is creating hazards to others, to be sure, but they are ordinary, and reasonable risks incident to desirable social and economic activity. But common notions of fairness require that the defendant make good any harm that results even though his conduct is free from fault." Whitman Hotel Corporation v. Elliott & Watrous Engineering Co., 137 Conn. 562, 567, 79 A.2d 591, 594, quoting from Harper, Torts, p. 408; see 2 Harper & James, Torts, § 14.7.
Caporale v. C.W. Blakeslee and Sons, Inc., 149 Conn. 79, 175 A.2d 561, 564 (1961). The court in Caporale held that pile-driving was an intrinsically dangerous operation.
There is a certain balancing process which must be engaged in before the burden of loss for damage occasioned by nonnegligent conduct may be shifted from the damaged property owner to the non-negligent actor. We adopt the approach taken by Cities Service Co. v. State, 312 So.2d 799 (Fla.2d DCA 1975) which is to weigh and consider each of the following factors before imposing liability: (1) whether the activity involves a high degree of risk of harm to the property of others; (2) whether the potential harm is likely to be great; (3) whether the risk can be eliminated by the exercise of reasonable care; (4) whether the activity is a matter of common usage; (5) whether the activity is inappropriate to the place where it is conducted; and (6) whether the activity has substantial value to the community. This process originally emanated from the treatment of this subject in Tentative Draft No. 10 of the Restatement (Second) of Torts.
Obviously then we are not the first Florida court to conclude that strict liability attaches for hazardous use of land. Cities Service Co. v. State, supra.
On balance we find that while the damage-causing activity involved in this case has substantial value to the community it involves a high degree of risk of harm to the property of others. Thus, it is appropriate that the loss occasioned by that nonnegligent activity be shifted to appellee *954 construction company. It is a cost of doing business and we have no doubt that it is a cost which may be passed on to the ultimate user as well as a risk which may be insured against.
For these reasons we reverse the final order dismissing appellant's second complaint with prejudice and remand with instructions to reinstate that complaint and for further proceedings.
REVERSED AND REMANDED.
LETTS, C.J., and ANSTEAD, J., concur.